UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA WOOD,<br><br>    Plaintiff,<br><br>v.<br><br>GREAT LAKES SPECIALTY FINANCE, INC. d/b/a CHECK'N GO a/k/a AXCESS FINANCIAL,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-06848<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Pamela Wood ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Great Lakes Specialty Finance, Inc. d/b/a Check'N Go a/k/a Axcess Financial ("CNG" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as CNG conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant CNG is a Kentucky corporation with its principal place of business located at 7755 Montgomery Road, #400, Cincinnati, Ohio 45236. CNG's registered agent in Illinois is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. CNG offers payday loan services and is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. In 2016, Plaintiff took out a loan ("subject account" or "subject debt") from CNG.

8. Plaintiff subsequently defaulted on the subject debt in or around July 2016.

9. Shortly after Plaintiff defaulted on the subject debt, CNG began placing collection calls to Plaintiff's cellular phone demanding payment on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3402. Plaintiff is and always has been financially responsible for this cellular phone and its services.

11. In July 2016, Plaintiff received a collection call on her cellular phone from CNG. When Plaintiff answered, she said "hello," to which there was no response for approximately 3 seconds. After the pause, an agent introduced them self as a representative of CNG calling to collect a payment on the subject account.

12. Unable to make payments towards the subject debt and in an attempt to avoid the inevitable collection calls that would soon be placed to her cellular phone, Plaintiff requested that CNG cease placing calls to her cellular phone.

13. Notwithstanding Plaintiff's request that CNG cease placing calls to her cellular phone, CNG placed or caused to be placed no less than 40 harassing phone calls to Plaintiff's cellular phone ending in 3402 between July 2016 and the present day,

14. Plaintiff's demand that CNG's phone calls cease fell on deaf ears and CNG continued its phone harassment campaign.

15. Upon information, belief, and in light of the frequency of the calls, CNG utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

16. The telephone number ending in 3402 that CNG called was assigned to cellular services for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. §227(b)(1).

17. The calls CNG placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

## DAMAGES

18. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of CNG's unlawful collection practices.

19. CNG's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. CNG's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, nuisance, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of

personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to put an end to CNG's unlawful collection tactics, incurring costs and expenses traveling to and from her attorney's office.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. CNG placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

26. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

27. Upon information and belief, the predictive dialing system employed by CNG transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. CNG violated the TCPA by placing no less than 40 calls between July 2016 through the present day to Plaintiff's cellular phone, after Plaintiff demanded that CNG cease placing calls to her cellular phone during at least one of the phone calls she answered.

29. As pled above, Plaintiff was severely harmed by CNG's collection calls to her cellular phone.

30. Upon information and belief, CNG has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

31. Upon information and belief, CNG knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. CNG, through its agents, affiliates, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), CNG is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), CNG's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff PAMELA WOOD requests that this Honorable Court:

a. Declare CNG's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

**COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT**

34. Plaintiff restates and reallages paragraphs 1 through 21 as through fully set forth herein.

35. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

36. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

37. CNG is engaged in commerce in the State of Illinois with regard to Plaintiff. CNG offers loans and subsequently engages in the collection of those loans, which is an activity within the stream of commerce and utilized in its regular course of business.

38. CNG violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject account from Plaintiff.

   **a. Unfairness**

39. It was unfair for CNG to seek to collect from Plaintiff the subject account through persistent harassing phone calls to her cellular phone attempting to coerce her into making a payment.

40. It was unfair for CNG to place or cause to be placed no less than 40 phone calls to Plaintiff's cellular phone between July 2016 through the present day, without her consent.

41. It was unfair for CNG to continue placing calls to Plaintiff after she demanded that the calls cease.

42. CNG's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the persistent harassing phone calls to her cellular phone.

6

43. Moreover, CNG's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy and nuisance.

44. Upon information and belief, CNG systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

45. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by CNG and is done on a large scale.

46. Moreover, CNG's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies that legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

47. As alleged above, Plaintiff was substantially harmed by CNG's misconduct.

48. An award of punitive damages is appropriate because CNG's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the harassing phone calls.

**WHEREFORE**, Plaintiff PAMELA WOOD requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against CNG;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: September 22, 2017                                                          Respectfully Submitted,

/s/ Marwan R. Daher                                                                /s/ Omar T. Sulaiman
Marwan R. Daher, Esq. ARDC#6325465                 Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*                                                            *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                               Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200                  2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                                              Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109                           Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                                            osulaiman@sulaimanlaw.com